IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| APPISTRY, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,<br><br>　　　　　　　　Defendants. | Case No. 4:13-cv-2547<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Appistry, Inc. files this Complaint against Amazon.com, Inc. and Amazon Web Services, Inc. (collectively "Amazon" or "Defendants") for infringement of U.S. Patent No. 8,200,746 (the "'746 patent"), and U.S. Patent No. 8,341,209 (the "'209 patent") (collectively the "Asserted Patents").

## THE PARTIES

1.　　Appistry, Inc. ("Appistry") is a Delaware corporation with its principal place of business at 1141 South 7th St., Suite 300, St. Louis, Missouri 63104.

2.　　Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

3.　　Defendant Amazon Web Services, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

## JURISDICTION AND VENUE

4.　　This is an action for patent infringement under Title 35 of the United States Code. Appistry is seeking injunctive relief as well as damages.

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents), because this is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 101 *et seq.*

6.      This Court has personal jurisdiction over Amazon.com because Amazon.com has committed, and continues to commit, acts of infringement in the State of Missouri, has conducted business in the State of Missouri, and/or has engaged in continuous and systematic activities in the State of Missouri.

7.      This Court has personal jurisdiction over Amazon Web Services, Inc. because Amazon Web Services, Inc. has committed, and continues to commit, acts of infringement in the State of Missouri, has conducted business in the State of Missouri, and/or has engaged in continuous and systematic activities in the State of Missouri.

8.      Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c) and 1400(b) because Defendants are deemed to reside in this district and/or have committed acts of infringement in this district.

## BACKGROUND

9.      Appistry, founded in 2001 in St. Louis, developed and owns all of the intellectual property rights to an award-winning "fabric" computing technology that is protected at least in part by the Asserted Patents (the "Appistry Technology").  The Appistry Technology was a breakthrough technology in high performance computing.

10.     Appistry expended substantial investment to develop the Appistry Technology. This investment resulted in a successful ongoing business, headquartered in St. Louis, specializing in high performance computing (HPC) technology utilized in areas such as intelligence, defense, life sciences, financial services, and transportation.

11. In 2004, Appistry contacted Amazon to offer Amazon a license to the Appistry Technology. In an effort to engage in such discussions, Appistry and Amazon entered into a non-disclosure agreement drafted by Amazon.

12. An initial meeting was held at Amazon's Seattle office in approximately August of 2004. At that time, Appistry generally explained Appistry's capabilities, with a particular emphasis on the transactional reliability of the Appistry Technology. Present at the initial in-person meeting were approximately three Appistry employees and approximately four Amazon employees. The Amazon employees were identified as individuals involved in the development and engineering of Amazon's cloud services.

13. At some point prior to September 14, 2004, Amazon indicated that it was interested in the Appistry Technology in connection with Amazon's business plans to offer a strategic business initiative central to Amazon's future.

14. On or before September 14, 2004, Appistry informed Amazon that it had various patent applications pending on the Appistry Technology.

15. Because of Amazon's expressed interest at the initial meeting, a second meeting was held on September 14, 2004 at Amazon's Seattle office. Werner Vogels, Amazon's Director of Systems Research, was present at the second meeting along with approximately 10 to 12 of Amazon's senior technical engineers directly involved in Amazon's cloud services.

16. The September 2004 meeting lasted approximately four hours. During the course of the meeting, Amazon employees asked numerous, highly detailed questions about the functionality of the Appistry Technology. Amazon's questions demonstrated Amazon's desire for a detailed understanding and knowledge of the Appistry Technology.

17.	Although Appistry was initially hesitant to disclose the minute details of the Appistry Technology, Mr. Vogels and other Amazon employees stated that Amazon would be skeptical of Appistry's technical abilities if Appistry did not disclose all of the details.  Mr. Vogels and other Amazon employees also stated that Amazon needed all of the details in order to fully evaluate the value of the Appistry Technology and to have faith in Appistry's engineers to build a quality system.

18.	Following the above statements from Mr. Vogels and other Amazon employees, Appistry disclosed very specific algorithms, flow charts, and branches in the decision tree of the Appistry Technology.  Amazon engineers asked many very specific questions about the Appistry Technology, which Appistry answered.  Appistry provided this information believing such disclosures were protected under the non-disclosure agreement with Amazon and under its pending patent applications.

19.	The level of detail provided to Amazon was sufficient to copy and build the Appistry Technology.

20.	Appistry demonstrated proof of concept of the Appistry Technology to various Amazon engineers and at least one Amazon development manager on September 15, 2004.  This proof of concept demonstration included uploading certain portions of the Appistry Technology on Amazon computers to demonstrate the system.

21.	Subsequent to the September 2004 meetings, Appistry corresponded with Amazon in an effort to formalize the anticipated partnership with Amazon.  Initially, Amazon indicated its engineers were "evaluating" the Appistry Technology.  Eventually, Appistry learned that Amazon had no interest in licensing the technology.

22. Subsequently, Appistry learned that Amazon had copied the Appistry Technology for various Amazon services.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 8,200,746)

23. Appistry incorporates paragraphs 1 through 22 herein by reference.

24. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

25. Appistry is the owner of the '746 patent, entitled "System and Method for Territory-Based Processing of Information," with ownership of all substantial rights in the '746 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '746 patent is attached as Exhibit 1.

26. The '746 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. Amazon has and continues to directly infringe one or more claims of the '746 patent in this judicial district and/or elsewhere in the United States, including at least claim 1, without consent or authorization of Appistry, by or through importing, making, using, offering to sell, and/or selling products and devices, including Amazon's Amazon Elastic Compute Cloud ("EC2"), that infringe at least claim 1 of the '746 patent.

28. Appistry has been damaged as a result of Amazon's infringing conduct as described herein. Amazon is, thus, liable to Appistry in an amount that adequately compensates Appistry for Amazon's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

29. Amazon's actions complained of herein will continue unless Amazon is enjoined by this Court.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 8,341,209)

30. Appistry incorporates paragraphs 1 through 29 herein by reference.

31. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

32. Appistry is the owner of the '209 patent, entitled "System and Method for Processing Information Via Networked Computers Including Request Handlers, Process Handlers, and Task Handlers," with ownership of all substantial rights in the '209 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '209 patent is attached as Exhibit 2.

33. The '209 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

34. Amazon has and continues to directly infringe one or more claims of the '209 patent in this judicial district and/or elsewhere in the United States, including at least claim 1, without consent or authorization of Appistry, by or through importing, making, using, offering to sell, and/or selling products and devices, including Amazon's Amazon Elastic Compute Cloud ("EC2"), that infringe at least claim 1 of the '209 patent.

35. Appistry has been damaged as a result of Amazon's infringing conduct as described herein. Amazon is, thus, liable to Appistry in an amount that adequately compensates Appistry for Amazon's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

36. Amazon's actions complained of herein will continue unless Amazon is enjoined by this Court.

## WILLFUL INFRINGEMENT

37. Appistry incorporates paragraphs 1 through 36 herein by reference.

38. At least by September 2004, Amazon knew that Appistry had filed its applications for the Asserted Patents.

39. Amazon willfully and deliberately copied the Appistry Technology, including technology covered by the Asserted Patents, thereby willfully and deliberately infringing the Asserted Patents.

40. Upon information and belief, Amazon has infringed and continues to infringe the Asserted Patents despite an objectively high likelihood that its actions constitute infringement of the Asserted Patents and a subjective knowledge or obviousness of such risk.

41. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## ADDITIONAL ALLEGATIONS

42. Appistry has been damaged as a result of Amazon's infringing conduct described herein.  Amazon is liable to Appistry in an amount that adequately compensates Appistry for Amazon's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

43. Amazon's actions complained of herein will continue unless Amazon is enjoined by this Court.

44. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

45. Appistry has complied with 35 U.S.C. § 287.

46. Amazon's actions complained of herein are causing irreparable harm and monetary damage to Appistry and will continue to do so unless and until Amazon is enjoined and restrained by this Court.

## JURY DEMAND

Appistry hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Appistry requests that this Court find in its favor and against Amazon, and that this Court grant Appistry the following relief:

a. Enter judgment for Plaintiff on this Complaint;

b. Enter judgment that one or more claims of the '746 patent has been infringed by Amazon;

c. Enter judgment that one or more claims of the '209 patent has been infringed by Amazon;

d. Enter judgment that Amazon's infringement was willful;

e. Enter judgment that Amazon account for and pay to Appistry all damages to, and costs incurred by, Appistry because of Amazon's infringing activities and other conduct complained of herein;

f. Award Plaintiff damages resulting from Amazon's infringement in accordance with 35 U.S.C. § 284;

g. Enter a permanent injunction enjoining Amazon and its offices, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing infringement of the '746 patent and the '209 patent or, in the alternative, judgment that Amazon account for and pay to Appistry a reasonable royalty and

        an ongoing post judgment royalty because of Amazon's past, present and future infringing activities and other conduct complained of herein;

h.     Grant Appistry pre-judgment and post-judgment interest on the damages caused by Amazon's infringing activities and other conduct complained of herein;

i.     Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

j.     Find the case to be exceptional under the provisions of 35 U.S.C. § 285; and

k.     Grant Appistry such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  December 20, 2013                           Respectfully submitted,

                                                   **THE SIMON LAW FIRM, P.C.**

By:  /s/ Anthony G. Simon
Anthony G. Simon, # 38745 MO
John G. Simon, # 35231 MO
Benjamin R. Askew, #58933 MO
Timothy D. Krieger, #57832 MO
Stephanie H. To, #61149 MO
Michael P. Kella, #64284 MO
800 Market Street, Suite 1700
St. Louis, MO  63101
P. 314-241-2929
F. 314-241-2029
asimon@simonlawpc.com
jsimon@simonlawpc.com
baskew@simonlawpc.com
tkrieger@simonlawpc.com
sto@simonlawpc.com
mkella@simonlawpc.com


**HAAR & WOODS, LLP**

Robert T. Haar, #30044 MO
Colleen O. Zern, #66349 MO
1010 Market St., Suite 1620
St. Louis, MO 63101
P. 314-241-2224
F. 314-241-2227
roberthaar@haar-woods.com
czern@haar-woods.com