# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **APPISTRY, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.4:13-cv-2547-HEA |
| | ) | |
| v. | ) | PATENT CASE |
| | ) | |
| **AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,** | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST AMENDED ANSWER, ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO APPISTRY'S FIRST AMENDED COMPLAINT

Defendants Amazon.com, Inc. ("Amazon") and Amazon Web Services, Inc. ("AWS") (collectively, "Defendants"), answer the first amended complaint of Plaintiff Appistry, Inc. and assert additional defenses and counterclaims as follows:

## THE PARTIES

1. Appistry, Inc. ("Appistry") is a Delaware corporation with its principal place of business at 1141 South 7th St., Suite 300, St. Louis, Missouri 63104.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint, and therefore, deny those allegations.

2. Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

**ANSWER:** Amazon admits that it is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

1

3. Defendant Amazon Web Services, Inc. is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

**ANSWER:** Amazon Web Services, Inc. admits that it is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under Title 35 of the United States Code. Appistry is seeking injunctive relief as well as damages.

**ANSWER:** Defendants admit only that Appistry purports to state a claim for patent infringement under Title 35 of the United States Code. Defendants deny any such cause of action exists as to Amazon or AWS and deny any other allegations in paragraph 4 of the complaint.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents), because this is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 101 *et seq*.

**ANSWER:** Defendants admit that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Amazon.com because Amazon.com has committed, and continues to commit, acts of infringement in the State of Missouri, has conducted business in the State of Missouri, and/or has engaged in continuous and systematic activities in the State of Missouri.

**ANSWER:** Defendants deny that they have committed any acts of infringement in the State of Missouri or any other state. Moreover, it is unnecessary to admit or deny the allegations in paragraph 6 of the complaint because Amazon consents to the personal jurisdiction of this Court for the purpose of this action only.

7. This Court has personal jurisdiction over Amazon Web Services, Inc. because Amazon Web Services, Inc. has committed, and continues to commit, acts of infringement in the State of Missouri, has conducted business in the State of Missouri, and/or has engaged in continuous and systematic activities in the State of Missouri.

**ANSWER:** Defendants deny that they have committed any acts of infringement in the State of Missouri or any other state. Moreover, it is unnecessary to admit or deny the allegations in paragraph 7 of the complaint because AWS consents to the personal jurisdiction of this Court for the purpose of this action only.

8. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c) and 1400(b) because Defendants are deemed to reside in this district and/or have committed acts of infringement in this district.

**ANSWER:** Defendants deny that they have committed any acts of infringement in this or any other district. Defendants deny that venue is proper in this district, given the forum-selection clause in section 14.1 of the AWS Customer Agreement that Appistry accepted on or around November 24, 2008 (attached hereto as Exhibit 1). This forum-selection clause provides that: "Any dispute relating in any way to . . . products or services sold or distributed by AWS or its affiliates in which the aggregate total claim for relief sought on behalf of one or more parties exceeds $7,500 shall be adjudicated in any state or federal court in King County, Washington, and [Appistry] consent[s] to exclusive jurisdiction and venue in such courts."

## BACKGROUND

9. Appistry, founded in 2001 in St. Louis, developed and owns all of the intellectual property rights to an award-winning "fabric" computing technology that is protected at least in part by the Asserted Patents (the "Appistry Technology"). The Appistry Technology was a breakthrough technology in high performance computing.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint, and therefore, deny those allegations.

10. Appistry expended substantial investment to develop the Appistry Technology. This investment resulted in a successful ongoing business, headquartered in St. Louis, specializing in high performance computing (HPC) technology utilized in areas such as intelligence, defense, life sciences, financial services, and transportation.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint, and therefore, deny those allegations.

11. In 2004, Appistry contacted Amazon to offer Amazon a license to the Appistry Technology. In an effort to engage in such discussions, Appistry and Amazon entered into a non-disclosure agreement drafted by Amazon.

**ANSWER:** Defendants admit that in 2004 Amazon entered into a mutual nondisclosure agreement with Tsunami Research, Inc. ("Tsunami"). Except as so expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint, and therefore, deny those allegations.

12. An initial meeting was held at Amazon's Seattle office in approximately August of 2004. At that time, Appistry generally explained Appistry's capabilities, with a particular emphasis on the transactional reliability of the Appistry Technology. Present at the initial in-person meeting were approximately three Appistry employees and approximately four Amazon employees. The Amazon employees were identified as individuals involved in the development and engineering of Amazon's cloud services.

**ANSWER:** Defendants admit that Amazon employees met with Tsunami employees in 2004 to discuss Tsunami's technology. Defendants admit that representatives from both Tsunami and Amazon were present at the meeting. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the complaint, and therefore, deny those allegations.

13. At some point prior to September 14, 2004, Amazon indicated that it was interested in the Appistry Technology in connection with Amazon's business plans to offer a strategic business initiative central to Amazon's future.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint, and therefore, deny those allegations.

14. On or before September 14, 2004, Appistry informed Amazon that it had various patent applications pending on the Appistry Technology.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint, and therefore, deny those allegations.

15. Because of Amazon's expressed interest at the initial meeting, a second meeting was held on September 14, 2004 at Amazon's Seattle office. Werner Vogels, Amazon's Director of Systems Research, was present at the second meeting along with approximately 10 to 12 of Amazon's senior technical engineers directly involved in Amazon's cloud services.

**ANSWER:** Defendants admit that Amazon employees participated in a second meeting with Tsunami employees in 2004 in Seattle. Defendants admit that Werner Vogels attended at least one meeting between Amazon and Tsunami in Seattle in 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the complaint, and therefore, deny those allegations.

16. The September 2004 meeting lasted approximately four hours. During the course of the meeting, Amazon employees asked numerous, highly detailed questions about the functionality of the Appistry Technology. Amazon's questions demonstrated Amazon's desire for a detailed understanding and knowledge of the Appistry Technology.

**ANSWER:** Defendants admit that Amazon employees met with Tsunami employees in September 2004 and asked questions about Tsunami's technology. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the complaint, and therefore, deny those allegations.

17. Although Appistry was initially hesitant to disclose the minute details of the Appistry Technology, Mr. Vogels and other Amazon employees stated that Amazon would be skeptical of Appistry's technical abilities if Appistry did not disclose all of the details. Mr. Vogels and other Amazon employees also stated that Amazon needed all of the details in order to fully evaluate the value of the Appistry Technology and to have faith in Appistry's engineers to build a quality system.

**ANSWER:** Defendants admit that Mr. Vogels participated in a meeting with Tsunami in 2004. Defendants are without knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations of paragraph 17 of the complaint, and therefore, deny those allegations.

18. Following the above statements from Mr. Vogels and other Amazon employees, Appistry disclosed very specific algorithms, flow charts, and branches in the decision tree of the Appistry Technology. Amazon engineers asked many very specific questions about the Appistry Technology, which Appistry answered. Appistry provided this information believing such disclosures were protected under the non-disclosure agreement with Amazon and under its pending patent applications.

**ANSWER:** Defendants admit that Amazon employees asked questions about the Tsunami technology in a meeting in 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 18 of the complaint, and therefore, deny those allegations.

19. The level of detail provided to Amazon was sufficient to copy and build the Appistry Technology.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the complaint, and therefore, deny those allegations.

20. Appistry demonstrated proof of concept of the Appistry Technology to various Amazon engineers and at least one Amazon development manager on September 15, 2004. This proof of concept demonstration included uploading certain portions of the Appistry Technology on Amazon computers to demonstrate the system.

**ANSWER:** Defendants admit that Amazon employees met with Tsunami employees in 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the complaint, and therefore, deny those allegations.

21. Subsequent to the September 2004 meetings, Appistry corresponded with Amazon in an effort to formalize the anticipated partnership with Amazon. Initially, Amazon indicated its engineers were "evaluating" the Appistry Technology. Eventually, Appistry learned that Amazon had no interest in licensing the technology.

**ANSWER:** Defendants admit that Amazon employees met with Tsunami employees in 2004. Moreover, Defendants admit that they were not interested in licensing Tsunami's technology at some point after the second meeting in 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the complaint, and therefore, deny those allegations.

22. Subsequently, Appistry learned that Amazon had copied the Appistry Technology for various Amazon services.

**ANSWER:** Denied.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 8,200,746)

23. Appistry incorporates paragraphs 1 through 22 herein by reference.

**ANSWER:** Defendants incorporate by reference the responses to paragraphs 1 through 22 of this answer.

24. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

**ANSWER:** Defendants admit only that Appistry purports to state a claim for patent infringement under 35 U.S.C. §§ 271, *et seq*. Defendants deny any such cause of action exists as to Amazon or AWS. Defendants deny any other allegations in paragraph 24.

25. Appistry is the owner of the '746 patent, entitled "System and Method for Territory-Based Processing of Information," with ownership of all substantial rights in the '746 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '746 patent is attached as Exhibit 1.

**ANSWER:** Defendants admit that a copy of U.S. Patent No. 8,200,746 (the '746 patent) was attached as Exhibit 1 to the Complaint. Defendants admit that this copy of the '746 patent states on its face that it is entitled "System and Method for Territory-Based Processing of Information." Defendants are without knowledge or information sufficient to form a belief as to the truth of Appistry's allegations regarding its alleged ownership of the '746 patent, and

therefore deny those allegations. Defendants deny all remaining allegations in paragraph 25 of the complaint.

26. The '746 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Denied.

27. Amazon has and continues to directly infringe one or more claims of the '746 patent in this judicial district and/or elsewhere in the United States, including at least claim 1, without consent or authorization of Appistry, by or through importing, making, using, offering to sell, and/or selling products and devices, including Amazon's Amazon Elastic Compute Cloud ("EC2"), that infringe at least claim 1 of the '746 patent.

**ANSWER:** Denied.

28. Appistry has been damaged as a result of Amazon's infringing conduct as described herein. Amazon is, thus, liable to Appistry in an amount that adequately compensates Appistry for Amazon's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

**ANSWER:** Denied.

29. Amazon's actions complained of herein will continue unless Amazon is enjoined by this Court.

**ANSWER:** Denied.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,341,209)

30. Appistry incorporates paragraphs 1 through 29 herein by reference.

**ANSWER:** Defendants incorporate by reference the responses to paragraphs 1 through 29 of this answer.

31. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

**ANSWER:** Defendants admit only that Appistry purports to state a claim for patent infringement under 35 U.S.C. §§ 271, *et seq*. Defendants deny any such cause of action exists as to Amazon or AWS. Defendants deny any other allegations in paragraph 31.

32. Appistry is the owner of the '209 patent, entitled "System and Method for Processing Information Via Networked Computers Including Request Handlers, Process Handlers, and Task Handlers," with ownership of all substantial rights in the '209 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '209 patent is attached as Exhibit 2.

**ANSWER:** Defendants admit that a copy of U.S. Patent No. 8,341,209 (the '209 patent) was attached as Exhibit 2 to the complaint. Defendants admit that this copy of the '209 patent states on its face that it is entitled "System and Method for Processing Information Via Networked Computers Including Request Handlers, Process Handlers, and Task Handlers." Defendants are without knowledge or information sufficient to form a belief as to the truth of Appistry's allegations regarding its alleged ownership of the '209 patent, and therefore deny those allegations. Defendants deny all remaining allegations in paragraph 32 of the complaint.

33. The '209 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Denied.

34. Amazon has and continues to directly infringe one or more claims of the '209 patent in this judicial district and/or elsewhere in the United States, including at least claim 1, without consent or authorization of Appistry, by or through importing, making, using, offering to sell, and/or selling products and devices, including Amazon's Amazon Elastic Compute Cloud ("EC2"), that infringe at least claim 1 of the '209 patent.

**ANSWER:** Denied.

35. Appistry has been damaged as a result of Amazon's infringing conduct as described herein. Amazon is, thus, liable to Appistry in an amount that adequately compensates Appistry for Amazon's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

**ANSWER:** Denied.

36. Amazon's actions complained of herein will continue unless Amazon is enjoined by this Court.

**ANSWER:** Denied.

## WILLFUL INFRINGEMENT

37. Appistry incorporates paragraphs 1 through 36 herein by reference.

**ANSWER:** Defendants incorporate by reference the responses to paragraphs 1 through 36 of this answer.

38. At least by September 2004, Amazon knew that Appistry had filed its applications for the Asserted Patents.

**ANSWER:** Denied.

39. Amazon willfully and deliberately copied the Appistry Technology, including technology covered by the Asserted Patents, thereby willfully and deliberately infringing the Asserted Patents.

**ANSWER:** Denied.

40. Upon information and belief, Amazon has infringed and continues to infringe the Asserted Patents despite an objectively high likelihood that its actions constitute infringement of the Asserted Patents and a subjective knowledge or obviousness of such risk.

**ANSWER:** Denied.

41. At least as early as the filing of this Complaint or before, Amazon had knowledge of the Asserted Patents and continued to infringe the Asserted Patents.

**ANSWER:** Defendants admit that they had knowledge of the Asserted Patents as of service of the Complaint. Defendants deny any other allegations in paragraph 41.

42. In light of paragraphs 9 through 22 incorporated herein, including Amazon's actions related to copying and compliance with the parties' non-disclosure agreement and actions taken during and after the parties' meetings, Appistry intends to take discovery on the issue of willful infringement—including deliberate actions taken by Amazon to learn of the Asserted Patents or to avoid learning of the Asserted Patents—and, if warranted after such discovery, Appistry will seek to add allegations regarding willful blindness by Amazon in further support of Appistry's willful infringement allegations.

**ANSWER**: This paragraph does not contain allegations of fact to which a response is required. To the extent this paragraph can be construed to contain allegations of fact, Defendants deny them.

43. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

**ANSWER:** Denied.

## ADDITIONAL ALLEGATIONS

44. Appistry has been damaged as a result of Amazon's infringing conduct described herein. Amazon is liable to Appistry in an amount that adequately compensates Appistry for Amazon's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

**ANSWER:** Denied.

45. Amazon's actions complained of herein will continue unless Amazon is enjoined by this Court.

**ANSWER:** Denied.

46. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

**ANSWER:** Denied.

47. Appistry has complied with 35 U.S.C. § 287.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the complaint, and therefore, deny those allegations.

48. Amazon's actions complained of herein are causing irreparable harm and monetary damage to Appistry and will continue to do so unless and until Amazon is enjoined and restrained by this Court.

**ANSWER:** Denied.

## JURY DEMAND

49. Appistry hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**ANSWER:** No response from Defendants is required for Appistry's jury demand. To the extent a response is required, Defendants acknowledge Appistry's request for a jury trial and Defendants also request a jury trial on all issues.

## DEFENDANTS' RESPONSE TO APPISTRY'S PRAYER FOR RELIEF

50. Appistry requests that this Court find in its favor and against Amazon, and that this Court grant Appistry the following relief:

    a) Enter judgment for Plaintiff on this Complaint;

    b) Enter judgment that one or more claims of the '746 patent has been infringed by Amazon;

    c) Enter judgment that one or more claims of the '209 patent has been infringed by Amazon;

    d) Enter judgment that Amazon's infringement was willful;

    e) Enter judgment that Amazon account for and pay to Appistry all damages to, and costs incurred by, Appistry because of Amazon's infringing activities and other conduct complained of herein;

    f) Award Plaintiff damages resulting from Amazon's infringement in accordance with 35 U.S.C. § 284;

    g) Enter a permanent injunction enjoining Amazon and its offices, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing infringement of the '746 patent and the '209 patent or, in the alternative, judgment that Amazon account for and pay to Appistry a reasonable royalty and an ongoing post judgment royalty because of Amazon's past, present and future infringing activities and other conduct complained of herein;

    h) Grant Appistry pre-judgment and post-judgment interest on the damages caused by Amazon's infringing activities and other conduct complained of herein;

    i) Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

    j) Find the case to be exceptional under the provisions of 35 U.S.C. § 285; and

    k) Grant Appistry such other and further relief as the Court may deem just and proper under the circumstances.

**ANSWER:** This portion of the Complaint contains a prayer for relief to which no response is required. To the extent this paragraph can be construed as containing allegations of

fact, Defendants deny those allegations, and deny Appistry is entitled to any of the relief it has requested in this complaint.

## ADDITIONAL DEFENSES

Further answering the complaint, and as additional defenses thereto, Defendants assert the following additional defenses, without assuming the burden of proof when the burden of proof on any issue would otherwise rest with Appistry. Defendants expressly reserve the right to amend their answer and defenses as additional information becomes available and/or is otherwise discovered.

## FIRST ADDITIONAL DEFENSE

Appistry fails to state a claim against Defendants upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Defendants have not infringed, and do not infringe, any valid claim of the '746 patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

## THIRD ADDITIONAL DEFENSE

Defendants have not infringed, and do not infringe, any valid claim of the '209 patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

## FOURTH ADDITIONAL DEFENSE

Upon information and belief, Appistry is wholly or partially barred from the relief that it seeks because one or more of the claims of the '746 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**FIFTH ADDITIONAL DEFENSE**

Upon information and belief, Appistry is wholly or partially barred from the relief that it seeks because one or more of the claims of the '209 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq*., including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**SIXTH ADDITIONAL DEFENSE**

Upon information and belief, Appistry is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of waiver, equitable estoppels, laches, unclean hands, and/or acquiescence.

**SEVENTH ADDITIONAL DEFENSE**

Upon information and belief, Appistry is wholly or partially barred from the relief that it seeks for its failure to mitigate damages.

**EIGHTH ADDITIONAL DEFENSE**

Appistry's claim for damages from Defendants for its alleged infringement prior to Appistry giving Defendants actual or constructive notice of the '746 patent is barred by 35 U.S.C. § 287.

**NINTH ADDITIONAL DEFENSE**

Appistry's claim for damages from Defendants for its alleged infringement prior to Appistry giving Defendants actual or constructive notice of the '209 patent is barred by 35 U.S.C. § 287.

**TENTH ADDITIONAL DEFENSE**

Appistry's claim for injunctive relief is barred because Appistry has an adequate remedy at law.

## ELEVENTH ADDITIONAL DEFENSE

Appistry is wholly barred from the relief that it seeks pursuant to the AWS Customer Agreement Appistry accepted on or around November 24, 2008 (attached hereto as Exhibit 1). Pursuant to this agreement, Appistry is prohibited from asserting any patent infringement or other intellectual property infringement claim regarding AWS's services used by Appistry, including Amazon's EC2 service.

## DEFENDANTS' COUNTERCLAIMS

Defendants and Counterclaimants Amazon and AWS, for their counterclaims against Plaintiff and counterclaim Defendant Appistry state as follows:

## THE PARTIES

1. Amazon is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

2. AWS is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

3. According to Appistry's complaint, Appistry is a Delaware corporation with its principal place of business at 1141 South 7th St., Suite 300, St. Louis, Missouri 63104.

## JURISDICTION AND VENUE

4. These are counterclaims for a declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35 of the United States Code.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6. Appistry is subject to personal jurisdiction in this judicial district by virtue of having filed its complaint here and because Appistry resides in this judicial district.

7. Appistry resides in this district, and Defendants consent to venue in this district, thus venue is proper under 28 U.S.C. § 1391.

**FIRST COUNTERCLAIM**

8. Defendants reallege paragraphs 1-7 of their counterclaims as though fully set forth herein.

9. Appistry has alleged that Defendants have infringed and are infringing the '746 patent, and Defendants have denied those allegations.

10. An actual and justifiable controversy exists between the parties as to the non-infringement of the '746 patent by Defendants.

11. Pursuant to 28 U.S.C. § 2201 *et seq.*, Defendants request a declaration by the Court that Defendants do not and have not infringed, either directly, indirectly, individually, jointly, contributorily, and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '746 patent.

**SECOND COUNTERCLAIM**

12. Defendants reallege paragraphs 1-11 of their counterclaims as though fully set forth herein.

13. Appistry has alleged that Defendants have infringed and are infringing the '209 patent, and Defendants have denied those allegations.

14. An actual and justifiable controversy exists between the parties as to the non-infringement of the '209 patent by Defendants.

15. Pursuant to 28 U.S.C. § 2201 *et seq.*, Defendants request a declaration by the Court that Defendants do not and have not infringed, either directly, indirectly, individually, jointly, contributorily, and/or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '209 patent.

## THIRD COUNTERCLAIM

16. Defendants reallege paragraphs 1-15 of their counterclaims as though fully set forth herein.

17. Appistry has alleged that Defendants have infringed and are infringing the '746 patent, and Defendants have denied those allegations and alleged that the '746 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103 and/or 112.

18. An actual and justifiable controversy exists between the parties as to the invalidity of the '746 patent.

19. Pursuant to 28 U.S.C. § 2201 *et seq.*, Defendants request a declaration of the Court that one or more claims of the '746 patent are invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including but not limited to, §§ 101, 102, 103, and 112.

## FOURTH COUNTERCLAIM

20. Defendants reallege paragraphs 1-19 of their counterclaims as though fully set forth herein.

21. Appistry has alleged that Defendants have infringed and are infringing the '209 patent, and Defendants have denied those allegations and alleged that the '209 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103 and/or 112.

22. An actual and justifiable controversy exists between the parties as to the invalidity of the '209 patent.

23. Pursuant to 28 U.S.C. § 2201 *et seq.*, Defendants request a declaration of the Court that one or more claims of the '209 patent are invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including but not limited to, §§ 101, 102, 103, and 112.

## FIFTH COUNTERCLAIM

24. Defendants reallege paragraphs 1-23 of their counterclaims as though fully set forth herein.

25. Appistry entered into AWS Customer Agreement on or around November 24, 2008 and has been a continuous customer of AWS since, at least, January 2012.

26. Appistry has paid for and used EC2.

27. Appistry's use of EC2 was pursuant to the AWS Customer Agreement.

28. Section 10.4 of the AWS Customer Agreement states: "During and after the term of the Agreement, with respect to any of the Services that you elect to use, you will not assert, nor will you authorize, assist, or encourage any third party to assert, against us or any of our customers, end users, vendors, business partners (including third party sellers on websites operated by or on behalf of us)[,] sublicensees or transferees, any patent infringement or other intellectual property infringement claim with respect to such Services."

29. Defendants request a declaration of the Court that Appistry is prohibited from asserting that Defendants' EC2 offering and any other offering covered by the AWS Customer Agreement infringes the '209 Patent or the '746 Patent based on Section 10.4 of the AWS Customer Agreement.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants deny that Appistry is entitled to any relief as prayed for in the complaint or otherwise and, accordingly, respectfully request entry of judgment:

A. Dismissing Appistry's complaint against Defendants, with prejudice;

B. Finding and declaring that Defendants have not infringed and are not infringing any claims of the '746 patent;

C. Finding and declaring that Defendants have not infringed and are not infringing any claims of the '209 patent;

D. Finding and declaring that the '746 patent is invalid;

E. Finding and declaring that the '209 patent is invalid;

F. Finding and declaring that the AWS Customer Agreement prohibits Appistry's infringement claims based on EC2;

G. Awarding Defendants their costs;

H. Finding that this is an exceptional case and awarding Defendants its attorney's fees pursuant to 35 U.S.C. § 285; and

I. Awarding to Defendants such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 26, 2014

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Bradford P. Lyerla

David W. Harlan, #20127MO
dharlan@armstrongteasdale.com
B. Scott Eidson, #57757MO
seidson@armstrongteasdale.com
Jennifer E. Hoekel, #45880MO
jhoekel@armstrongteasdale.com
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 621-5065

Bradford P. Lyerla (*pro hac vice*)
blyerla@jenner.com
Benjamin J. Bradford (*pro hac vice*)
bbradford@jenner.com
Jennifer T. Beach (*pro hac vice*)

jbeach@jenner.com
Jenner & Block LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Defendants
Amazon.com, Inc. and
Amazon Web Services, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2014, I caused true and correct copies of the foregoing to be served via the Court's CM/ECF system upon all counsel of record.


/s/ Benjamin J. Bradford