## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **APPISTRY, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,** <br><br> Defendants. | Case No. 4:13-cv-2547-HEA <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF APPISTRY, INC.'S ANSWER TO DEFENDANTS AMAZON.COM, INC.'S AND AMAZON WEB SERVICES, INC.'S AMENDED COUNTERCLAIMS

Plaintiff Appistry, Inc. ("Appistry") files this Answer to Amazon.com, Inc.'s and Amazon Web Services, Inc.'s (collectively "Amazon" or "Defendants") Amended Counterclaims. All of Defendants' additional affirmative defenses are denied. Any allegations or affirmative defenses in Defendants' Amended Answer and Counterclaims not expressly admitted herein are denied.

### AMAZON'S AMENDED COUNTERCLAIMS

### THE PARTIES

In response to Defendants' amended counterclaims, Appistry states as follows:

1. Appistry admits the allegations contained in paragraph 1.

2. Appistry admits the allegations contained in paragraph 2.

3. Appistry admits the allegations contained in paragraph 3.

### JURISDICTION AND VENUE

1

4.     Appistry admits that these counterclaims arise under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35 of the United States Code.  Appistry denies the validity of these counterclaims.

5.     Appistry admits the allegations contained in paragraph 5.

6.     Appistry admits the allegations contained in paragraph 6.

7.     Appistry admits the allegations contained in paragraph 7.

## FIRST COUNTERCLAIM

8.     Appistry incorporates by reference its responses to paragraphs 1-7 as though fully set forth herein.

9.     Appistry admits the allegations contained in paragraph 9.

10.    Appistry admits that an actual and justifiable controversy exists between Appistry and Defendants regarding Defendants' First Counterclaim.  Appistry denies that Defendants do not infringe U.S. Patent No. 8,200,746 ("the '746 patent").

11.    Appistry admits that Defendants request a declaration from this Court that Defendants do not infringe any claim of the '746 patent.  However, Appistry denies any allegations that the '746 patent is not infringed and further denies that Defendants are entitled to such a declaration.

## SECOND COUNTERCLAIM

12.    Appistry incorporates by reference its responses to paragraphs 1-11 as though fully set forth herein.

13.    Appistry admits the allegations contained in paragraph 13.

14. Appistry admits that an actual and justifiable controversy exists between Appistry and Defendants regarding Defendants' Second Counterclaim. Appistry denies that Defendants do not infringe U.S. Patent No. 8,342,209 ("the '209 patent").

15. Appistry admits that Defendants request a declaration from this Court that Defendants do not infringe any claim of the '209 patent. However, Appistry denies any allegations that the '209 patent is not infringed and further denies that Defendants are entitled to such a declaration.

### THIRD COUNTERCLAIM

16. Appistry incorporates by reference its responses to paragraphs 1-15 as though fully set forth herein.

17. Appistry admits it has alleged that Defendants have infringed and are infringing the '746 patent, and denies that the '746 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103, and/or 112.

18. Appistry admits that an actual and justifiable controversy exists between Appistry and Defendants regarding Defendants' Third Counterclaim. Appistry denies any allegation that the '746 patent is invalid.

19. Appistry admits that Defendants request a declaration from this Court that one or more claims of the '746 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. However, Appistry denies any allegations that the '746 patent is invalid and further denies that Defendants are entitled to such a declaration.

### FOURTH COUNTERCLAIM

20. Appistry incorporates by reference its responses to paragraphs 1-19 as though fully set forth herein.

21. Appistry admits it has alleged that Defendants have infringed and are infringing the '209 patent, and denies that the '209 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103, and/or 112.

22. Appistry admits that an actual and justifiable controversy exists between Appistry and Defendants regarding Defendants' Fourth Counterclaim. Appistry denies any allegation that the '209 patent is invalid.

23. Appistry admits that Defendants request a declaration from this Court that one or more claims of the '209 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. However, Appistry denies any allegations that the '209 patent is invalid and further denies that Defendants are entitled to such a declaration.

## FIFTH COUNTERCLAIM

24. Appistry incorporates by reference its responses to paragraphs 1-23 as though fully set forth herein.

25. Denied.

26. Denied.

27. Appistry admits that the text of the document attached as Exhibit 1 to Amazon's First Amended Counterclaims states what it states and that the text of the document accessible at http://aws.amazon.com/agreement/ as of July 28, 2014 states what it states. To the extent the text of both documents is the same, Appistry admits that the text is the same. Appistry denies the remaining allegations set forth in paragraph 27.

28. Appistry admits that is has paid for what has been referred to at times as "EC2." Appistry denies use of any service pursuant to the AWS Customer Agreement. However, Appistry is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 to the extent that Amazon defines "EC2" in the manner set forth in Defendants' First Set of Requests for Admission to Plaintiff Appistry, Inc. and therefore denies those allegations under such a definition.

29. Denied.

30. Appistry admits that Section 8.5 of the document attached as Exhibit 1 to Amazon's First Amended Counterclaims includes the text quoted in paragraph 30. Appistry denies the remaining allegations in paragraph 30.

31. Denied.

32. Appistry admits that Section 10.4 of the document attached as Exhibit 2 to Amazon's First Amended Counterclaims states what it states and that Section 8.5 of the document attached as Exhibit 3 to Amazon's First Amended Counterclaims states what it states. Appistry denies the remaining allegations contained in paragraph 32.

33. Appistry admits Amazon purports to seek a declaration of the Court that Appistry is prohibited from asserting that Defendants' EC2 offering and any other offering allegedly covered by the alleged "applicable" AWS Customer Agreement infringes the '209 Patent or the '746 Patent based on the alleged "applicable patent non-assertion provision," but denies any remaining allegations contained in paragraph 33, including that the '209 Patent and the '746 Patent are not infringed and that Amazon is entitled to a declaration that Appistry is prohibited from asserting patent infringement claims against Amazon.

## PRAYER FOR RELIEF

WHEREFORE, Appistry requests the relief set forth in its First Amended Complaint, and that Defendants' Amended Counterclaims and all relief requested by Defendants be denied. To the extent any aspect of Defendants' prayer for relief requires a response, Appistry denies that Defendants are entitled to any requested relief and denies any allegations made in Defendants' prayer for relief.

DATED: July 28, 2014

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By: /s/ Anthony G. Simon
Anthony G. Simon, # 38745 MO
John G. Simon, # 35231 MO
Benjamin R. Askew, #58933 MO
Timothy D. Krieger, #57832 MO
Michael P. Kella, #64284 MO
800 Market Street, Suite 1700
St. Louis, MO 63101
P. 314-241-2929
F. 314-241-2029
asimon@simonlawpc.com
jsimon@simonlawpc.com
baskew@simonlawpc.com
tkrieger@simonlawpc.com
mkella@simonlawpc.com

**HAAR & WOODS, LLP**

Robert T. Haar, #30044 MO
Colleen O. Zern, #66349 MO
1010 Market St., Suite 1620
St. Louis, MO 63101
P. 314-241-2224
F. 314-241-2227
roberthaar@haar-woods.com
czern@haar-woods.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2014, I caused true and correct copies of the foregoing to be served upon all counsel of record via the Court's CM/ECF system.

/s/ Anthony G. Simon
Anthony G. Simon
