THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| APPISTRY, INC.<br><br>       Plaintiff,<br><br>  vs.<br><br>AMAZON.COM, INC. AND<br>AMAZON.COM WEB SERVICES, INC.;<br><br>       Defendants. | Civil Action No. 2:15-CV-311-MJP<br><br>**AMAZON'S OPPOSITION TO APPISTRY'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>NOTE ON MOTION CALENDAR:<br>JULY 3, 2015 |

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.    APPISTRY LACKS GOOD CAUSE TO AMEND ITS INFRINGEMENT CONTENTIONS TO INCLUDE ███████ ......................................................... 2

II.    APPISTRY LACKS GOOD CAUSE TO AMEND ITS INFRINGEMENT CONTENTIONS REGARDING SWF ........................................................................ 8

CONCLUSION ............................................................................................................................... 9

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — i

**STOEL RIVES LLP**
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

# TABLE OF AUTHORITIES

**Cases**

*Bender v. Maxim Integrated Prods.*,
   No. C 09-01152 SI, 2010 U.S. Dist. LEXIS 89957 (N.D. Cal. July 29, 2010) ....................... 4, 6

*CANVS Corp. v. U.S.*,
   107 Fed. Cl. 100 (Fed. Cl. 2012) ................................................................................................ 4

*Cf. Network Caching Tech., LLC v. Novell, Inc.*,
   No C-01-2079-VRW, 2002 U.S. Dist. LEXIS 26098 (N.D. Cal. Aug. 13, 2002) ...................... 7

*Cisco Sys. v. Teleconference Sys., LLC*,
   No. 09-cv-01550 JSW (NC), 2012 U.S. Dist. LEXIS 189372 (N.D. Cal. June 11, 2012) ..... 3, 4

*Dynetix Design Solutions, Inc. v. Synopsys Inc.*,
   No. CV 11-05973 PSG, 2012 U.S. Dist. LEXIS 171608 (N.D. Cal. Dec. 3, 2012) ........... 2, 3, 9

*Eagle Harbor Holdings, LLC v. Ford Motor Co.*,
   No. C11-5503 BHS, 2015 U.S. Dist. LEXIS 23581 (W.D. Wash. Feb. 26, 2015) ..................... 1

*Eon Corp. IP Holdings LLC v. Aruba Networks Inc.*,
   No. 12-cv-01011-JST, 2013 U.S. Dist. LEXIS 161274 (N.D. Cal. Nov. 12, 2013) ............... 2, 3

*Finjan, Inc. v. Proofpoint, Inc.*,
   No. 13-cv-05808, 2015 U.S. Dist. LEXIS 44038 (N.D. Cal. Apr. 2, 2015) ........................... 4, 6

*Fr. Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967 WHA (NC),
   2013 U.S. Dist. LEXIS 63823 (N.D. Cal. May 3, 2013) ........................................................... 7

Guzik Techinical Enters. v. Western Digital Corp.,
   No. 11-CV-03786-PSG, 2013 U.S. Dist. LEXIS 69331 (N.D. Cal. May 14, 2013) ................... 9

*Guzik Technical Enters. v. W. Digital Corp.*,
   No. 11-CV-03786-PSG, 2013 U.S. Dist. LEXIS 69331 (N.D. Cal. May 14, 2013) ................... 8

*Infineon Techs. v. Volterra Semiconductor*,
   No. C 11-06239, 2013 U.S. Dist. LEXIS 11279 (N.D. Cal. Jan. 28, 2013) ............................... 4

*MediaTek, Inc. v. Freescale Semiconductor, Inc.*,
   No. C11-5341 YGR (JSC), 2013 U.S. Dist. LEXIS 77080 (N.D. Cal. May 31, 2013) .............. 8

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) .................................................................................................. 1

*Pac. Bioscience Labs., Inc. v. Nutra Luxe MD, LCC*,
   No. 2:10-cv-00230-JLR, slip op. (W.D. Wash. July 9, 2012) .................................................... 1

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — ii

**STOEL RIVES LLP**
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

*REC Software USA, Inc. v. Bamboo Solutions Corp.*,
  No. C11-0554, 2012 U.S. Dist. LEXIS 115834 (E.D. Wash. Aug. 16, 2012) ............................ 2

*Shared Memory Graphics LLC v. Apple Inc.*,
  No. C-10-02475 MMC (JSC), 2011 U.S. Dist. LEXIS 99166 (N.D. Cal. Sept. 2, 2011) ........... 4

*Symantec Corp. v. Acronis, Inc.*,
  No. C-11-5310 EMC, 2013 U.S. Dist. LEXIS 29931 (N.D. Cal. Mar. 5, 2013) ........................ 2

*Theranos, Inc. v. Fuisz*,
  No. 11-cv-05236, 2012 U.S. Dist. LEXIS 172160 (N.D. Cal. Nov. 30, 2012) ....................... 4, 7

*Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*,
  No. 10cv0541-GPC-WVG, 2014 U.S. Dist. LEXIS 12451 (S.D. Cal. Jan. 31, 2014) ............... 9

**Rules**

Fed. R. Civ. P. 30(b)(1) ................................................................................................................. 8

Fed. R. Civ. P. 30(b)(6) ................................................................................................................. 8

Local Patent Rule 120(c) ........................................................................................................... 1, 3

Local Patent Rule 124 ................................................................................................................... 2

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — iii

**STOEL RIVES LLP**
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 386-7542

**PRELIMINARY STATEMENT**

On June 5, 2015, this Court denied Appistry's attempt via a motion to compel to expand this case to include Amazon's ▮▮▮▮▮▮ systems. Now, Appistry again attempts to bring these systems into the case, this time via a motion to amend its infringement contentions. Appistry's instant motion suffers from the same malady as its motion to compel—it contravenes the Court's Local Patent Rules.

In particular, Appistry fails in its proposed amended contentions to disclose any identifiable theory of infringement for ▮▮▮▮▮▮ as required by Local Patent Rule 120.[1] Instead, Appistry's contentions rely on vague, boilerplate statements that merely repeat the claim language. Such contentions fail to provide notice of Appistry's theory of infringement, and are thus contrary to the purpose of this Court's rules: "to require parties to crystallize their theories of the case early in the litigation so as to prevent [a] shifting sands approach."[2] Indeed, Appistry must rely upon a new theory of infringement for ▮▮▮▮▮▮ because the evidence in this case establishes that those systems are "fundamentally different" from SWF, the only Amazon system accused in Appistry's previously-disclosed infringement contentions.[3]

And because of these fundamental differences, discovery will be reset to square one if Appistry is permitted to amend, thus severely prejudicing Amazon. None of the discovery that

---

[1] Local Patent Rule 120(c) ("The 'Disclosure of Asserted Claims and Infringement Contentions' shall contain the following information: . . . A chart identifying specifically where each element of each Asserted Claim is found within each Accused Device.").

[2] *See Pac. Bioscience Labs., Inc. v. Nutra Luxe MD, LCC*, No. 2:10-cv-00230-JLR, slip op. at 5 (W.D. Wash. July 9, 2012) (quoting *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006)) ("[L]ike the Northern District of California, the Local Patent Rules of this district were 'designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'"); *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, No. C11-5503 BHS, 2015 U.S. Dist. LEXIS 23581, at *8-9 (W.D. Wash. Feb. 26, 2015) ("These rules are designed to streamline the pre-trial and claim construction process, and generally to reduce the cost of patent litigation.").

[3] *See* Amazon's Opposition to Appistry's Motion to Compel, Dkt. No. 177 at 1-6 (quoting the testimony of Richard Sears).

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 1

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 386-7542

1  Amazon has produced on SWF—including source code, technical documentation, financial information, and deposition testimony—will apply to ▮▮▮▮▮▮▮▮. Amazon would thus be forced to consume significant resources in producing new code, documents, and witnesses regarding the disparate ▮▮▮▮▮▮▮▮ systems. As with Appistry's motion to compel, Appistry should not be permitted to use this additional discovery burden as an economic bargaining chip.

Appistry's request to amend its infringement contentions regarding SWF to include citations to source code similarly contravenes the Court's Local Rules. Under Local Patent Rule 124, a plaintiff must show good cause for its proposed amendments.[4] Here, Appistry has not provided Amazon or this Court with a copy of its proposed amendments regarding SWF, nor has Appistry offered any explanation of its good cause for such amendments beyond a single conclusory sentence in its motion. There is thus no basis to evaluate whether Appistry's proposed amendments are supported by the required good cause.

Accordingly, Amazon respectfully requests that the Court deny Appistry's motion to amend its infringement contentions.

## ARGUMENT

### I. APPISTRY LACKS GOOD CAUSE TO AMEND ITS INFRINGEMENT CONTENTIONS TO INCLUDE ▮▮▮▮▮▮▮▮

This Court's determination of whether good cause exists to amend infringement contentions encompasses two factors: (1) the plaintiff's diligence in seeking to amend, and (2) the prejudice to the defendant.[5] A showing of significant prejudice to the defendant is sufficient

---

[4] Local Patent Rule 124 ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.").

[5] *See REC Software USA, Inc. v. Bamboo Solutions Corp.*, No. C11-0554, 2012 U.S. Dist. LEXIS 115834, at *7 (E.D. Wash. Aug. 16, 2012); *see Eon Corp. IP Holdings LLC v. Aruba Networks Inc.*, No. 12-cv-01011-JST, 2013 U.S. Dist. LEXIS 161274, at *17 (N.D. Cal. Nov. 12, 2013) (denying motion to amend on grounds of prejudice); *Symantec Corp. v. Acronis, Inc.*, No. C-11-5310 EMC, 2013 U.S. Dist. LEXIS 29931, at *4-5 (N.D. Cal. Mar. 5, 2013) (same); *Dynetix Design Solutions, Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2012 U.S. Dist. LEXIS 171608, at *10-11 (N.D. Cal. Dec. 3, 2012) (same).

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 2

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

to establish a lack of good cause, even when the plaintiff establishes that it was diligent.[6] And it is well-established that a plaintiff's failure to disclose a sufficiently specific infringement theory in its infringement contentions is prejudicial to the defendant.[7] Here, Amazon will suffer that very form of prejudice if Appistry's proposed amendment regarding ▬▬▬▬▬ is approved. To be sure, Appistry's amended contentions fail to comply with Local Patent Rule 120, and disclose nothing more than vague and conclusory allegations that repeat the claim language.

Local Patent Rule 120 requires that infringement contentions include a claim chart specifically identifying where each element of each asserted claim is found in each accused device.[8] As such, Rule 120 and similar rules in other jurisdictions do not permit infringement contentions that are vague and conclusory. For example, infringement contentions that fail to specify how a component of an accused product meets a claim limitation are impermissible. In *Cisco Systems v. Teleconference Systems, LLC*, the Northern District of California denied a motion to amend on this basis.[9] The court explained that the defendants "will suffer undue prejudice if the motion is granted because [the plaintiff's] proposed amendments lack the

---

[6] *See Eon Corp.*, 2013 U.S. Dist. LEXIS 161274, at *17 (finding that even if the plaintiff was diligent, the motion to amend should be denied on the grounds of prejudice); *Dynetix Design Solutions*, 2012 U.S. Dist. LEXIS 171608, at *10-11 (finding that prejudice, alone, requires the motion to be denied).

[7] *See, e.g.*, *Cisco Sys. v. Teleconference Sys., LLC*, No. 09-cv-01550 JSW (NC), 2012 U.S. Dist. LEXIS 189372, at *22 (N.D. Cal. June 11, 2012) (explaining that "defendants will suffer undue prejudice if the motion is granted because [plaintiff's] proposed amendments lack the specificity required by the Local Patent Rules").

[8] Local Patent Rule 120(c) ("The 'Disclosure of Asserted Claims and Infringement Contentions' shall contain the following information: . . . A chart identifying specifically where each element of each Asserted Claim is found within each Accused Device.").

[9] 2012 U.S. Dist. LEXIS 189372, at *22 ("The proposed amendments identify for the first time several components of the accused products as meeting the EVG limitation. [Plaintiff] does not explain how the identified components meet the EVG limitation. . . .").

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 3

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

specificity required by the Local Patent Rules."[10]  As another example, infringement contentions failing to identify the component of the accused device that satisfies each claim element are impermissible.  In *Theranos, Inc. v. Fuisz*, the Northern District of California struck the plaintiff's infringement contentions on this basis:

> [T]he substance of [plaintiff's] identification of where each limitation of each asserted claim is found within each Accused Instrumentality is generic. . . .  A number of responses consist of nothing more than a conclusion based 'on information and belief' that something occurs . . . .  On balance, [plaintiff's] chart contains vague, conclusory, and confusing statements that do not satisfy the requirement that their identifications be 'as specific as possible.'[11]

Here, Appistry's amended infringement contentions suffer from both of the above deficiencies.  The contentions do not identify the components of ▓▓▓▓▓▓▓▓ that allegedly

---

[10] *Id.*

[11] No. 11-cv-05236, 2012 U.S. Dist. LEXIS 172160, at *16-17 (N.D. Cal. Nov. 30, 2012); *see also Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808, 2015 U.S. Dist. LEXIS 44038, at *22 (N.D. Cal. Apr. 2, 2015) ("At a minimum, [plaintiff] was required to expressly discuss the particular claim elements identified in each Claim and map those elements onto features of the allegedly infringing products."); *Infineon Techs. v. Volterra Semiconductor*, No. C 11-06239, 2013 U.S. Dist. LEXIS 11279, at *16 (N.D. Cal. Jan. 28, 2013) ("Under [the local rules], Plaintiff may not craft its infringement contentions 'without *specifically* identifying what in the device satisfies the limitation.'") (emphasis in original); *Shared Memory Graphics LLC v. Apple Inc.*, No. C-10-02475 MMC (JSC), 2011 U.S. Dist. LEXIS 99166, at *21-22 (N.D. Cal. Sept. 2, 2011) ("[A]s it is undisputed that [plaintiff's] claim chart neither identifies the circuitry in the accused devices which supposedly satisfy the limitation that the on-chip frame buffer memory be connected to the graphics accelerator via a data bus distribution, nor the circuitry in the accused devices which supposedly satisfy the limitation that the off-chip frame buffer memory be connected to the graphics accelerator via a data but distribution . . . , Defendants' motion to strike [plaintiff's] PICs with respect to the no- and off-chip data distribution bus limitations are granted."); *Bender v. Maxim Integrated Prods.*, No. C 09-01152 SI, 2010 U.S. Dist. LEXIS 89957, at *6 (N.D. Cal. July 29, 2010) ("Plaintiff cannot simply rely on [defendant's] publicly-available datasheets to diagram his claims, and then attempt to escape his obligation to locate each element of each claim within the accused device by stating that he assumes an element of the claim must be present. . . ."); *CANVS Corp. v. U.S.*, 107 Fed. Cl. 100, 108 (Fed. Cl. 2012) ("[I]n its proposed amended claim chart, plaintiff repeatedly fails to point out where each element of the asserted claims are found within the accused devices. . . .  Such conclusory analysis based on such limited publicly available information does not meet plaintiff's obligations. . . .").

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 4

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 386-7542

satisfy each claim element, and do not explain how the components of ▮▮▮▮▮▮▮▮ meet the claim elements. For example, Appistry's amended contentions do not identify what computers or other components meet the "request handler," "process handlers," and "task handlers" claim elements in the '209 patent. Instead, Appistry makes the following vague and conclusory statements that merely parrot the language of the claims:

> "[I]t is believed that the plurality of networked computers comprise a request handler."[12]

> "[I]t is believed that the plurality of networked computers comprise a plurality of process handlers."[13]

> "[I]t is believed that the plurality of networked computers comprise a plurality of task handlers."[14]

As another example, Appistry does not identify the computers or other components that constitute the "hive engines," "territories," or "state information" in the '746 patent. Instead, Appistry again simply regurgitates the claim language:

> "[I]t is believed that the Accused Instrumentalities comprise a plurality of networked hive engines."[15]

> "[I]t is believed that a plurality of the hive engines are grouped into a plurality of territories."[16]

> "[I]t is believed that the plurality of hive engines within the at least one territory that execute the processing tasks are further configured to return state information corresponding to the processing tasks for delivery of a processing result in response to the service request."[17]

---

[12] Appistry Br., Dkt. No. 192, Ex. 2 at 3.

[13] *Id*. at 4.

[14] *Id*.

[15] Appistry Br., Dkt. No. 192, Ex. 1 at 2.

[16] *Id*. at 3.

[17] *Id*. at 5.

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 5

**STOEL RIVES LLP**
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

As such, Appistry's amended contentions fail to abide by Local Patent Rule 120 and are unduly prejudicial to Amazon. The contentions not only prevent Amazon from identifying relevant documents and witnesses during discovery, but also preclude Amazon from preparing its defenses.[18]

Moreover, Appistry's amended contentions cannot rely on Appistry's theory of infringement for SWF due to the fundamental differences between the disparate systems. As explained in Amazon's opposition to Appistry's motion to compel, ▮▮▮▮ are fundamentally different than SWF in at least three ways. ▮▮▮▮ ▮▮▮▮[19] ▮▮▮▮ ▮▮▮▮.[20] ▮▮▮▮[21] It is not surprising that ▮▮▮▮ differ from SWF in these key ways because ▮▮▮▮.[22] And these differences are not irrelevant, as Appistry contends. Rather, Appistry's infringement contentions for SWF rely on each of the attributes that distinguish SWF from ▮▮▮▮ ▮▮▮▮.[23] As a result, Appistry's proposed amendments accusing ▮▮▮▮ of infringement require new infringement theories. But Appistry has not disclosed those theories as required by Local Patent Rule 120.

---

[18] *See Finjan*, 2015 U.S. Dist. LEXIS 44038, at *22-23 ("Neither the Court nor the Defendants should be required to guess which aspects of the accused products infringe each claim element."); *Bender*, 2010 U.S. Dist. LEXIS 89957, at *5 ("The Court states that the plaintiff may not . . . ask the Court 'to assume that certain elements of the patent are present in the accused product. . . .'").

[19] Amazon's Opposition to Appistry's Motion to Compel, Dkt. No. 177 at 5-6.

[20] *Id*. at 6.

[21] *Id*. at 6-7.

[22] *Id*. at 1, 3-4.

[23] *Id*. at 5-7, 9-10.

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 6

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 386-7542

1   While Amazon agrees with Appistry that ▬▬▬▬▬ are not publicly available

2   systems, this fact does not relieve Appistry of its obligations under the Local Rules.  As the

3   Northern District of California explained in *Theranos*, "[e]ven if little publicly known

4   information about defendant's technologies is available, [plaintiff's] obligations under the Local

5   Rules, Fed. R. Civ. P. 11, or other Federal Circuit authority are not obviated."[24]  Here, Amazon

6   produced limited discovery on ▬▬▬▬▬, including a witness for deposition, Mr. Sears.

7   Nevertheless, Appistry fails to identify where the elements of the claims are found in the accused

8   devices.[25]  But the law does not permit Appistry to shift this burden to Amazon, and for good

9   reason.[26]  If a plaintiff could accuse a product of infringement based upon nothing more than

10  knowledge of the product's existence, innovative companies around the country would be

11  subject to virtually limitless discovery.  For example, a plaintiff that accused Microsoft

12  PowerPoint of infringement could expand its case to include a disparate product such as Xbox by

13  doing no more than identifying Xbox as an additional accused product and parroting the

14  language of the claims.  This Court's rules protect defendants from such tactics by requiring

15  plaintiffs to set forth specific theories of infringement in their contentions.  Appistry has not

---

[24] 2012 U.S. Dist. LEXIS 172160, at *20.

[25] Amazon does not contend that Appistry must identify the name and location of specific software routines in Amazon's source code.  *Cf. Network Caching Tech., LLC v. Novell, Inc.*, No C-01-2079-VRW, 2002 U.S. Dist. LEXIS 26098, at *20 (N.D. Cal. Aug. 13, 2002) ("The only way to pinpoint the specific routine is to analyze the source code, which is solely in the defendants' possession.  This is the quintessential case allowing amendment of PICs based on information received in discovery."); *Theranos*, 2012 U.S. Dist. LEXIS 172160 at *21-22 n.7 ("[T]he Court notes that authority provided by Fuisz regarding courts' 'recognition' that there are situations where a plaintiff is constrained by defendants' sole possession of information relates to cases involving allegedly-infringing source code"); *Fr. Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967 WHA (NC), 2013 U.S. Dist. LEXIS 63823, *9-10 (N.D. Cal. May 3, 2013) ("The Rule does not require France Telecom to reverse engineer every product it has accused. . . . [Plaintiff] has mapped onto every limitation of Claim 1 the relevant elements of both the 3GPP and 3GPP2 standards.").

[26] 2012 U.S. Dist. LEXIS 172160, at *20 ("By arguing that [defendant's] information is not publicly available and by offering to amend the Contentions only after discovery has occurred, [plaintiff] is attempting to ignore [its] obligations and shift the burden to defendant.").

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 7

**STOEL RIVES LLP**
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 386-7542

1   satisfied the Court's rules here, and cannot use its vague infringement contentions to burden

2   Amazon with additional discovery.

3       And the threat of additional, burdensome discovery is real.  The substantial discovery

4   already produced for SWF will not be applicable to ▮▮▮▮▮▮▮▮▮.  If ▮▮▮▮▮▮▮▮▮ are

5   added to the case, Amazon would need to interview and identify a new set of knowledgeable

6   individuals, collect and produce new technical documentation and financial information, collect

7   and produce new source code, and prepare and produce another set of Rule 30(b)(6) and 30(b)(1)

8   witnesses.  After more than 18 months of litigation, during which Amazon has expended

9   substantial time and resources providing discovery, such an expansion of the case would be

10  highly prejudicial.

11      Accordingly, Appistry lacks good cause to amend its infringement contentions to include

12  ▮▮▮▮▮▮▮▮▮, and its motion should be denied.

### II. APPISTRY LACKS GOOD CAUSE TO AMEND ITS INFRINGEMENT CONTENTIONS REGARDING SWF

15  Appistry's request to amend its infringement contentions to include citations to source

16  code regarding SWF similarly lacks a good cause basis and should be denied.  Indeed, Appistry

17  does not explain why good cause exits, instead relying on a single sentence with a conclusory

18  allegation of good cause.  Furthermore, Appistry's request amounts to four sentences that do not

19  present this Court or Amazon with the proposed source code amendments.[27]  Accordingly,

20  neither this Court nor Amazon can evaluate whether these proposed amendments satisfy the

21  good cause standard.

22      Under these circumstances, courts routinely deny motions to amend.[28]  For example, in

---

[27] Amazon expressly reserves the right to request leave to file a sur-reply if Appistry provides further explanation of its proposed amendments in Appistry's reply brief.

[28] *See Guzik Technical Enters. v. W. Digital Corp.*, No. 11-CV-03786-PSG, 2013 U.S. Dist. LEXIS 69331, at *6-7 (N.D. Cal. May 14, 2013); *see also MediaTek, Inc. v. Freescale Semiconductor, Inc.*, No. C11-5341 YGR (JSC), 2013 U.S. Dist. LEXIS 77080, at *25 (N.D. Cal. May 31, 2013) ("MediaTek's request to amend its current Infringement Contentions for the

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 8

**STOEL RIVES LLP**
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 386-7542

*Guzik Technical Enterprises v. Western Digital Corporation*, the Northern District of California denied a motion to amend, explaining:

> [The local rules] require that the moving party make a showing of good cause and that the court assess whether the nonmoving party would be subject to undue prejudice. How can the court analyze those factors when it has no opportunity to review the changes the moving party proposes? Without the amendments, the court cannot ascertain whether the moving party's reasons for amendment are borne out in its proposed changes or whether the two are wholly unconnected. And without that nexus, the court cannot and should not permit amendment. Its evaluation in essence would be no more than a guess.[29]

For these same reasons, Amazon respectfully requests that this Court deny Appistry's request to amend its contentions to include citations to source code regarding SWF.

## CONCLUSION

If allowed, Appistry's amended infringement contentions would unduly prejudice Amazon. The contentions would significantly broaden the scope of discovery and the case in general, all the while hiding Appistry's true infringement theory. Appistry therefore has not established good cause for its proposed amendments, and its motion should be denied.

---

'331 patent is deficient. As Freescale emphasizes, MediaTek has not even identified the specific amendments in its motion."); *Dynetix Design Solutions*, 2012 U.S. Dist. LEXIS 171608, at *9 n.35 ("Dynetix did not include its proposed amendments to its infringement contentions with its motion [to amend] and thus still has not fully disclosed [its] theory of infringement regarding VCS Multicore's infringement of the Remote Access Claims."); *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10cv0541-GPC-WVG, 2014 U.S. Dist. LEXIS 12451, at *20-23 (S.D. Cal. Jan. 31, 2014) ("Even if Defendants' renewed motion is properly before the Court, Defendants fail to cure the defect of their previous motion. . . . As an initial matter, Defendants fail to concurrently file proposed second amended invalidity contentions . . . .").

[29] No. 11-CV-03786-PSG, 2013 U.S. Dist. LEXIS 69331, at *6-7 (N.D. Cal. May 14, 2013).

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 9

**STOEL RIVES LLP**
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

1  DATED this 29th day of June, 2015.

2                                       Respectfully Submitted,

3                                       FISCH SIGLER LLP

4                                       /s/ R. William Sigler
                                        Alan M. Fisch (*pro hac vice*)
5                                       R. William Sigler (*pro hac vice*)
                                        Jeffrey M. Saltman (*pro hac vice*)
6                                       Jennifer K. Robinson (*pro hac vice*)
                                        5301 Wisconsin Avenue NW
7                                       Fourth Floor
                                        Washington, DC 20015
8                                       Telephone: (202) 362-3500
                                        alan.fisch@fischllp.com
9                                       bill.sigler@fischllp.com
                                        jeffrey.saltman@fischllp.com
10                                      jennifer.robinson@fischllp.com

11
                                        David M. Saunders (*pro hac vice*)
12                                      96 North Third Street
                                        Suite 260
13                                      San Jose, CA 95112
                                        Telephone: (650) 362-8200
14                                      david.saunders@fischllp.com

15
                                        STOEL RIVES LLP
16
                                        /s/ James W. Eidson
17                                      James W. Eidson
                                        Brian C. Park
18                                      Vanessa Soriano Power
                                        600 University Street, Suite 3600
19                                      Seattle, WA 98101
                                        Telephone: (206) 386-7542
20                                      Facsimile: (206) 386-7500
                                        bcpark@stoel.com
21                                      jweidson@stoel.com
22                                      vanessa.power@stoel.com

23                                      Counsel for Defendants
                                        AMAZON.COM, INC. AND
24                                      AMAZON.COM WEB SERVICES, INC.

25

26

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 10

**STOEL RIVES LLP**
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants:

- **Benjamin R. Askew**
  baskew@simonlawpc.com,ipteam@simonlawpc.com

- **Brian G Bodine**
  bodineb@lanepowell.com,slocumn@lanepowell.com,docketing-SEA@lanepowell.com

- **James W Eidson**
  jweidson@stoel.com,sea_ps@stoel.com,docketclerk@stoel.com,cmcastro@stoel.com

- **Alan M Fisch**
  Alan.Fisch@fischllp.com,amazon@fischllp.com

- **Robert T. Haar**
  edmofiling@haar-woods.com

- **David W. Harlan**
  dharlan@armstrongteasdale.com

- **Jennifer E. Hoekel**
  jhoekel@armstrongteasdale.com

- **Michael P. Kella**
  mkella@simonlawpc.com,ipteam@simonlawpc.com

- **Timothy D. Krieger**
  tkrieger@simonlawpc.com,ipteam@simonlawpc.com

- **Brian C Park**
  brian.park@stoel.com,sea_ps@stoel.com,docketclerk@stoel.com,melissa.wood@stoel.com

- **Vanessa Soriano Power**
  vanessa.power@stoel.com,sea_ps@stoel.com,leslie.lomax@stoel.com,docketclerk@stoel.com

- **Jennifer K. Robinson**
  jennifer.robinson@fischllp.com

- **Jeffrey M. Saltman**
  Jeffrey.Saltman@fischllp.com

- **David M. Saunders**
  david.saunders@fischllp.com

- **Adriane Michelle Scola**
  scolaa@lanepowell.com,brownj@lanepowell.com

- **R. William Sigler**
  Bill.Sigler@fischllp.com

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 11

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington 98101
(206) 386-7542

- **Anthony G. Simon**
  asimon@simonlawpc.com, ipteam@simonlawpc.com

- **Colleen O'Hare Zern**
  czern@haar-woods.com

I further certify that I mailed a copy of this document on June 29, 2015 by U.S. First Class Mail to the following non-CM/ECF participant addressed as follows:

John G Simon
SIMON LOWE & PASSANANTE PC
SUITE 1150
701 MARKET STREET
ST LOUIS, MO 63101

                                                    *s/ James W. Eidson*
Brian C. Park, WSBA No. 25584
Vanessa Soriano Power, WSBA No. 30777
James W. Eidson, WSBA No. 45040
600 University Street, Suite 3600
Seattle, WA  98101
Telephone: (206) 386-7542
Facsimile:  (206) 386-7500
bcpark@stoel.com
jweidson@stoel.com
vanessa.power@stoel.com

AMAZON'S OPPOSITION TO APPISTRY'S
MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS — 12

STOEL RIVES LLP
600 University Street, Ste. 3600
Seattle, Washington  98101
(206) 386-7542